1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY K. MILLEN, individually and as Trustee of the Rodney K. Millen Trust, dated September 7, 1994, | Case No. SACV13-00133 JLS (JPRx) |
| Plaintiff, | Honorable Josephine L. Staton |
| v. | |
| TEXTRON, INC., a Delaware corporation, | **ORDER FOR AMENDED PROTECTIVE ORDER** |
| Defendant. | Filed concurrently with Joint Stipulation for Amended Protective Order |
| TEXTRON INC., a Delaware company, | |
| Counterclaimant, | |
| v. | |
| RODNEY K. MILLEN, individually and as Trustee of the Rodney K. Millen Trust, dated September 7, 1994, | Date Action Filed:   January 28, 2013 |
| Counterdefendant. | Trial Date:              May 6, 2014 |
| TEXTRON INC., a Delaware corporation, | |
| Third Party Plaintiff, | |
| v. | |
| SHELLEY CAMPBELL, individually, | |
| Third Party Defendant. | |

27
28

**ORDER**

In light of the Joint Stipulation For Amended Protective Order filed by the parties, and good cause appearing therefore, IT IS HEREBY ORDERED that the Protective Order be amended as follows:

**I.     DEFINITIONS**

   A.     Party

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   B.     Disclosure or Discovery Material

All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   C.     "Confidential" Information or Items

Any information produced in this litigation in any form that any party or nonparty reasonably believes to contain proprietary, competitively sensitive, trade secret, or private employee information that has been redacted.

   D.     "Highly Confidential – Attorney's Eyes Only" Information or Items

Documents containing both employee names and information relating to those employees' compensation, which information has not been redacted.

   E.     Receiving Party

A Party that receives Disclosure or Discovery Material from a Producing Party.

   F.     Producing Party

A Party or non-party that produces Disclosure or Discovery Material in this action.

SACV 13-00133-JLS(JPRx)
AMENDED PROTECTIVE ORDER

**G.    Designating Party**

A Party or non-party that designates information or items produced in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorney's Eyes Only."

**H.    Protected Material**

Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only."

**I.    Outside Counsel**

Attorneys who are not employees of a Party but who are retained to represent or advise a Party or non-party in this action.

**J.    House Counsel**

Attorneys who are employees of a Party or non-party.

**K.    Counsel (without qualifier)**

Outside Counsel and House Counsel (as well as their support staffs).

**L.    Expert**

A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. "Expert" also shall mean an employee of a party who is retained as an expert in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**M.    Professional Vendors**

Persons or entities who provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**II.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as

1   all copies, excerpts, summaries, or compilations thereof, plus testimony,

2   conversations, or presentations by parties or counsel to or in other settings that

3   might reveal Protected Material. This Order does not apply to court hearings or

4   proceedings. The use of Protected Material in court hearings or proceedings will be

5   addressed with the judicial officer conducting the proceeding at the appropriate

6   time.

7   **III.   DURATION**

8        Even after the termination of this litigation, the confidentiality obligations

9   imposed by this Order shall remain in effect until a Designating Party agrees

10  otherwise in writing or a Court Order otherwise directs.

11  **IV.   DESIGNATING PROTECTED MATERIAL**

12       A.    Exercise of Restraint and Care in Designating Material for Protection.

13       Each Party or non-party that designates information or items for protection

14  under this Order must take care to limit any such designation to specific material

15  that qualifies under the appropriate standards. A Designating Party must take care to

16  designate for protection only those parts of material, documents, items, or oral or

17  written communications that qualify — so that other portions of the material,

18  documents, items, or communications for which protection is not warranted are not

19  swept unjustifiably within the ambit of this Order.

20       Mass, indiscriminate, or routinized designations are prohibited. Designations

21  that are shown to be clearly unjustified, or that have been made for an improper

22  purpose (e.g., to unnecessarily encumber or retard the case development process, or

23  to impose unnecessary expenses and burdens on other parties), may expose the

24  Designating Party to sanctions.

25       If it comes to a Party's or a non-party's attention that information or items

26  that it designated for protection do not qualify for protection at all, or do not qualify

27  for the level of protection initially asserted, that Party or non-party must promptly

28  notify all other parties that it is withdrawing the prior designation.

B.   Manner and Timing of Designations.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(i)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not label them "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" legend on each page that contains Protected Material.

(ii)   for testimony given in deposition, that any Party, or any non-party offering or sponsoring the testimony, will use its best efforts to make all such designations during the deposition by requesting the reporter to so designate the transcript or any portion thereof. However, if no such designation is made at the time of the deposition, any Party, or non-party offering or sponsoring the testimony, may later designate any portion of a deposition transcript, including testimony, documents or information disclosed at the deposition, as "during the CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" by notifying all Parties in writing of the specific pages and lines of the transcript, or the included documents and information, that is to be so designated. Such notification shall be made within thirty (30) calendar days of completion of the deposition.  All deposition transcripts not marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired.  If no designation is made during the thirty (30) day period, only designations made at the time of the deposition will be considered Protected Material.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Further, if a party designating all or portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" provides written notice during the thirty (30) day period that certain testimony is being so designated, such final and timely written designation notice shall be attached by each Party to the deposition transcript and each copy thereof.

(iii)   for information produced in some form other than documents, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether that it is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

C.   Party's Right to Designate Qualified Information In The Event Producing Party Fails to Designate

A Producing Party's failure to designate, whether inadvertent or otherwise, does not, standing alone, waive any Party or non-party's right to secure protection under this Order for such material. If a Party or non-party determines that material should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party or non-party must notify the Receiving Party in writing within thirty (30) days of the disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material and specify the material that should be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation. The Party or non-party that notifies the Receiving Party of the disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material must then prepare and send to all Parties material bearing the appropriate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation. Thereafter, Parties must use only the appropriately designated materials in this litigation in accordance with the Order.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   <u>Timing of Challenges.</u>

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.   <u>Meet and Confer.</u>

A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by

conferring directly (in voice to voice dialogue) with counsel for the Designating
Party. In conferring, the challenging Party must explain the basis for its belief that
the confidentiality designation was not proper and must give the Designating Party
an opportunity to review the designated material, to reconsider the circumstances,
and, if no change in designation is offered, to explain the basis for the chosen
designation. A challenging Party may proceed to the next stage of the challenge
process only if it has engaged in this meet and confer process first.

C.      Judicial Intervention.

A Party that elects to press a challenge to a confidentiality designation after
considering the justification offered by the Designating Party may file and serve a
motion that identifies the challenged material and sets forth in detail the basis for the
challenge. Each such motion shall set forth with specificity the justification for the
confidentiality designation that was given by the Designating Party in the meet and
confer dialogue required under Paragraph VI(B), *supra*.

The burden of persuasion in any such challenge proceeding shall be on the
Designating Party. Until the Court rules on the challenge, all parties shall continue
to afford the material in question the level of protection to which it is entitled under
the Producing Party's designation.

Any motion brought pursuant to this Section shall be governed by Local
Rules 37-1 and 37-2 (including the Joint Stipulation Requirement).

**VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

A.      Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced
by another Party or by a non-party in connection with this case only for prosecuting,
defending, or attempting to settle this litigation. Such Protected Material may be
disclosed only to the categories of persons and under the conditions described in this
Order. When the litigation has been terminated, a Receiving Party must comply with
the provisions of section 10, below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.  <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(i)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(ii)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(iii)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have agreed and executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(iv)  the Court and its personnel;

(v)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(vi)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation;

(vii)  the author of the document or the original source of the information.

C.  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

1     (i)    the Receiving Party's Outside Counsel of record in this action, as well

2 as employees of said Counsel to whom it is reasonably necessary to disclose the

3 information for this litigation;

4     (ii)    experts (as defined in this Order) of the Receiving Party to whom

5 disclosure is reasonably necessary for this litigation and who have agreed and

6 executed the "Acknowledgment and Agreement to Be Bound" that is attached

7 hereto as Exhibit A;

8     (iii)   the Court and its personnel;

9     (iv)   court reporters, their staffs, and professional vendors to whom

10 disclosure is reasonably necessary for this litigation;

11    (v)    the author of the document or the original source of the information.

## VII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

14     If a Receiving Party is served with a subpoena or an order issued in other

15 litigation that would compel disclosure of any information or items designated in

16 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17 ATTORNEY'S EYES ONLY" the Receiving Party must so notify the Designating

18 Party, in writing (by email or fax, if possible) immediately and in no event more

19 than three court days after receiving the subpoena or order. Such notification must

20 include a copy of the subpoena or court order.

21     The Receiving Party also must immediately inform in writing the Party who

22 caused the subpoena or order to issue in the other litigation that some or all the

23 material covered by the subpoena or order is the subject of this Protective Order. In

24 addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

25 promptly to the Party in the other action that caused the subpoena or order to issue.

26     The purpose of imposing these duties is to alert the interested parties to the

27 existence of this Protective Order and to afford the Designating Party in this case an

28 opportunity to try to protect its confidentiality interests in the Court from which the

1   subpoena or order issued. The Designating Party shall bear the burdens and the

2   expenses of seeking protection in that Court of its confidential material — and

3   nothing in these provisions should be construed as authorizing or encouraging a

4   Receiving Party in this action to disobey a lawful subpoena issued in another action.

5   **VIII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

6          If a Designating Party learns that, by inadvertence or otherwise, it has

7   disclosed Protected Material to any person or in any circumstance not authorized

8   under this Stipulated Protective Order, the Receiving Party must immediately (a)

9   notify in writing the Designating Party of the unauthorized disclosures, (b) use its

10  best efforts to retrieve all copies of the Protected Material, (c) inform the person or

11  persons to whom unauthorized disclosures were made of all the terms of this Order,

12  and (d) request such person or persons to execute the "Acknowledgment and

13  Agreement to Be Bound" that is attached hereto as Exhibit A.

14  **IX.     FILING OF PROTECTED MATERIAL.**

15         In Accordance with Local Rule 79-5.1, if any papers to be filed with the

16  Court contain information and/or documents that have been designated as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

18  ONLY" the proposed filing shall be accompanied by an application to file the

19  papers or the portion thereof containing the designated information or documents (if

20  such portion is segregable) under seal; and the application shall be directed to the

21  judge to whom the papers are directed. For motions, the parties shall publicly file a

22  redacted version of the motion and supporting papers.

23  **X.      FINAL DISPOSITION.**

24         Unless otherwise ordered or agreed in writing by the Producing Party, within

25  sixty days after the final termination of this action including appeals, each Receiving

26  Party must: (a) return all Protected Material to the Producing Party; or (b) destroy

27  the Protected Material. As used in this subdivision, "all Protected Material" includes

28  all copies, abstracts, compilations, summaries or any other form of reproducing or

1  capturing any of the Protected Material. Whether the Protected Material is returned

2  or destroyed, the Receiving Party must submit a written certification to the

3  Producing Party (and, if not the same person or entity, to the Designating Party) by

4  the sixty day deadline that identifies (by category, where appropriate) all the

5  Protected Material that was returned or destroyed and that affirms that the Receiving

6  Party has not retained any copies, abstracts, compilations, summaries or other forms

7  of reproducing or capturing any of the Protected Material. Notwithstanding this

8  provision, Counsel are entitled to retain archival copies of all pleadings, motion

9  papers, transcripts, legal memoranda, correspondence or attorney work product,

10  even if such materials contain Protected Material. Any such archival copies that

11  contain or constitute Protected Material remain subject to this Protective Order as

12  set forth in Section 4 (DURATION), above.

13  **XI.   MISCELLANEOUS**

14        A.     Right to Further Relief.

15        Nothing in this Order abridges the right of any person to seek its modification

16  by the Court in the future.

17        B.     Right to Assert Other Objections.

18        By stipulating to the entry of this Protective Order no Party waives any right

19  it otherwise would have to object to disclosing or producing any information or item

20  on any ground not addressed in this Stipulated Protective Order. Similarly, no Party

21  waives any right to object on any ground to use in evidence of any of the material

22  covered by this Protective Order.

23        **IT IS SO ORDERED.**

24

25  Dated:  December 18, 2013_____          By:_____

26                                               Hon. Jean P. Rosenbluth
                                                 United States Magistrate Judge

27

28

# **EXHIBIT A**

I, _____, declare as follows:

1.    My present address is: _____.

2.    My present occupation or job description is: _____.

3.    My present employer is: _____.

4.    I have received a copy of the Stipulated Protective Order ("Order") entered in *Rodney K. Millen v. Textron Inc.*, Case No. SACV13-00133 JST (JPRx) pending in the United States District Court, Central District, Southern Division. I have carefully read and understand the provisions of the Order.

5.    I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Protected Material that I receive in this action.

6.    I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __day of ____, ___, at _____, State of _____.

_____
SIGNATURE OF DECLARANT